914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Victor L. SOLOMON, Steve Solomon, Cynthia Solomon, Victor
Solomon, Jr., Plaintiffs-Appellants,
v.
MONONGALIA COUNTY BAR ASSOCIATION, Kanawha County Bar
Association, West Virginia Supreme Court, West
Virginia State Bar Association, West
Virginia Public Service
Commission,
Defendants-Appellees.
 No. 90-1044.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1990.
Decided Sept. 19, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Robert Earl Maxwell, Chief District Judge. (C/A No. CA-86-160-C)
 Victor L. Solomon, Steve Solomon, Cynthia Solomon, Victor Solomon, Jr., appellants pro se.
 Richard E. Hamstead, Hamstead, Hamstead & Williams, Charles Spencer Armistead, Baker & Armistead, George R. Farmer, Jr., Jackson & Kelly, Morgantown, W. Va., Charles David Morrison, Sheri Lynn Mazza, Steptoe & Johnson, Clarksburg, W. Va., for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Victor L. Solomon, Sr. appeals from the district court's order dismissing his civil rights suit, without prejudice, for failure to present individual, personal claims. This case was initiated by four plaintiffs, Victor L. Solomon, Sr. and three relatives. Although the notice of appeal was signed by all four plaintiffs, it is timely only in respect to Victor L. Solomon, Sr. Only Solomon, Sr. requested an extension of the period in which to petition to reopen the civil action through the filing of an amended complaint. The district court granted his request and explicitly stated that the extension applied only to Solomon, Sr. Consequently, the notice of appeal for the remaining three plaintiffs relates back to a judgment entered over two months earlier and is, therefore, untimely. See Fed.R.App.P. 4(a).
 
 
 2
 The claims presented by the plaintiffs all relate to the plaintiffs' family-owned business, Vic's Garage, Inc. Although 28 U.S.C. Sec. 1654 permits parties to conduct their own litigation, it is well settled that a corporation must be represented by an attorney in federal court. See Nat'l Independent Theatre Exhibitors v. Buena Vista Distribution, 748 F.2d 602, 609 (11th Cir.1984) (corporate officer could not bring pro se action on behalf of corporation), cert. denied, 471 U.S. 1056 (1985); Jones v. Niagra Frontier Transp. Authority, 722 F.2d 20, 22 (2d Cir.1983); Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366 (Fed.Cir.1983) (expense of attorney does not allow exception to rule that corporation must be represented by attorney).
 
 
 3
 Because the claims presented allege wrongs committed against the corporation and because Vic's Garage, Inc. is not represented by licensed counsel, the district court correctly dismissed this complaint. Accordingly, we find that this appeal is without merit and affirm on the reasoning of the district court. Solomon v. Monongalia County Bar, CA-86-160-C (N.D.W.Va. Apr. 19, 1990; May 4, 1990; June 7, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.